UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Plan B Wellness Center, LLC, and
Jack Rayis,

    Plaintiffs,

Case No. 18-13433

v.

City of Detroit Board of Zoning Appeals,
Alternative Care Choices, LLC, Marcelus
Brice, and Gabe Leland,

Sean F. Cox
United States District Court Judge

    Defendants.
_____/

## OPINION AND ORDER GRANTING THE CITY DEFENDANTS' MOTION TO DISMISS (ECF No. 14)

Plaintiff Jack Rayis owns the Plan B Wellness Center, a medical marijuana provisioning facility. In April 2017, a competing medical marijuana provisioning facility began the process of opening up fifty feet away from Plan B. This new facility applied for a special land use permit and for a waiver of certain zoning requirements. The City of Detroit's Zoning Appeals Board approved the new facility's application.

Plan B, unhappy with the Board's decision, appealed to the Wayne County Circuit Court, which vacated the Board's approval and ordered a new hearing on the application. The Board again approved the permit and zoning waiver.

On November 2, 2018, Rayis filed this §1983 civil rights action on behalf of himself and Plan B. Plaintiffs allege that, in approving the application for a second time, the Board violated their due process rights by not acting as an impartial decisionmaker, and retaliated against them for

1

exercising their First Amendment rights. Rayis also alleges that the owner of the new facility conspired with the Board to retaliate against him.

Rayis's complaint also names Detroit City Councilman Gabe Leland as a defendant, but none of the substantive counts are directed against him. Rayis appears to allege that Leland was somehow improperly involved in the decision to deny the application for a second time.

The Board and Leland ("the City Defendants") now move to dismiss the complaint.[1] For the reasons below, the Court will grant the City Defendants' motion to dismiss.

## BACKGROUND

Plaintiff Jack Rayis owns Plaintiff Plan B Wellness Center L.L.C., which is a medical marijuana provisioning facility. Compl. ¶ 5-6. In April 2017, Defendant Alternative Care Choices, L.L.C., which is owned by Defendant Marcelus Brice (collectively "the Corporate Defendants"), entered into a land contract to purchase a building "merely 50 feet away" from Plan B's location. *Id*. at ¶ 9, 13. Thereafter, the Corporate Defendants applied for a special land use permit to operate as a medical marijuana provisioning facility and for a waiver of "the 1,000 ft. spacing requirement set forth in Section 61-3-354(b) of the City of Detroit's 2015 Zoning Ordinance." *Id*. at ¶ 14-15.

Plaintiffs opposed the Corporate Defendants' application. *Id*. "Despite strong opposition from local residents of the neighborhood, local businesses, a neighboring municipality, and a recommendation to deny by the City of Detroit's own Planning Department, the City of Detroit's

---

[1]Upon review of the docket, it appears that Defendants Brice and Alternate Care Choices, LLC, have not joined in this motion to dismiss. Although these Defendants filed a "response" that is linked to the City Defendant's motion to dismiss, this response is actually a concurrence with the City Defendants' motion to stay discovery. (ECF No. 20). The Court has reviewed the other filings from Brice and Alternate Care Choices and sees no indication that they have joined or concur in the City Defendant's motion to dismiss. Thus, if they seek to have Plaintiff's claim against them dismissed, they will need to file their own motion.

Building, Safety, Engineering, and Environmental Department ("BSEED") unlawfully approved [the Corporate Defendants'] application..." *Id*. at ¶ 16. "Relying on BSEED's recommendation," the City of Detroit's Zoning Appeals Board approved the application. *Id*. at ¶ 17.

"Feeling aggrieved," Plaintiffs appealed the Board's decision to the Wayne County Circuit Court. *Id*. at ¶ 18. On June 12, 2018, the Honorable Daniel Hathaway vacated the Board's decision and ordered the Board to "hold a de novo hearing with respect to Plaintiffs' objections" to the Corporate Defendants' application. *Id*. at ¶ 19. The Board held another hearing and again approved the Corporate Defendants' application.

Plaintiffs current lawsuit stems from how they allege the Board handled the application and treated them on remand. Generally, they allege that the Board demonstrated personal animus and ill-will toward them because they were successful in their appeal to the Wayne County Circuit Court. The Board's bias, Plaintiffs contend, was further fueled by bribes from the Corporate Defendants, who also enlisted Councilman Leland to influence members of the Board.

Here are the allegations of wrongdoing from Plaintiffs' Complaint:

22. After the Wayne County Circuit Court's decision, the Defendant Zoning Board rushed the hearing to the front of the line and issued notices for a new hearing only ten (10) days after the Wayne County Circuit Court's June 12, 2018 Order issued.

23. The Defendant Zoning Board scheduled a new hearing to be held on July 10, 2018.

24. At the July 10, 2018 hearing, Defendants ACC and Brice and their attorney specifically refused to discuss any of the prior arguments that it had made. Defendants ACC's and Brice's only argument to the Defendant Zoning Board at July 10, 2018 hearing was that Defendant Brice was a good person who somehow

deserved this waiver despite the clear and unambiguous language of the City of Detroit's Zoning ordinances.

25. During the July 10, 2018 hearing, evidence was provided that (1) there was strong community opposition to having two marijuana facilities in such close proximity, (2) that the City of Detroit's Planning Department opposed the waiver, and (3) it was public record that Plaintiff Plan B was legally operating under the City of Detroit's Code of Municipal Ordinances at the time it made its application and purchased the property.

26. Ignoring the evidence in the record, and the specific instructions given by Wayne County Circuit Judge Daniel Hathaway, the Defendant Zoning Board again approved Defendants ACC and Brice's request for the waiver of the 1,000 ft. spacing requirement.

27. It was apparent that members of the Defendant Zoning Board were biased and prejudiced against the Plaintiffs during the July 10, 2018 hearing.

28. The personal animus and ill-will members of the Defendant Zoning Board had towards the Plaintiffs and their legal counsel was apparent throughout the proceeding.

29. Members of the Defendant Zoning Board were biased against Plaintiffs because Plaintiffs were successful in their initial appeal to the Wayne County Circuit Court.

30. It is believed Defendant Brice used his pollical [sic] influence and paid monetary bribes to members of the Defendant Zoning Board to influence their erroneous decision to approve Defendants ACC's and Brice's request for a waiver of the 1,000

ft. spacing requirement.

31. It is further believed that Defendant Brice requested Defendant Leland to use his position and influence as an elected member of the Detroit City Council to influence certain members of the Defendant Zoning Board to ignore the clear and unambiguous language of the City's Zoning Ordinance and approve Defendants ACC and Brice's request for a waiver.

32. Defendant Zoning Board could not be an impartial decisionmaker because of the personal biases members of the Defendant Zoning Board held against the Plaintiffs.

33. Accordingly, because the Defendant Zoning Board was not an impartial decisionmaker, Plaintiffs' due process rights were violated by the Defendant Zoning Board at the July 10, 2018 hearing.

34. Additionally, due to the monetary bribes members of the Defendant Zoning Board may have received from the Defendant Brice, the Defendant Zoning Board could not be impartial during the July 10, 2018 hearing.

35. Additionally, it is believed that Defendant Brice requested Defendant Leland to persuade certain members of the Defendant Zoning Board to approve Defendants ACC and Brice's request for a waiver despite the clear and unambiguous language contained in the City's Zoning Ordinance.

36. Defendant Leland was influential in getting certain members of the Defendant Zoning Board appointed to their respective positions.

37. Accordingly, for those members of the Defendant Zoning Board that Defendant Leland helped to get appointed could not be impartial with respect to Plaintiffs' July

10, 2018 hearing.

Compl. ¶ 22-37.

On November 2, 2018, Plaintiffs filed their three-count Complaint, alleging constitutional claims by way of § 1983. In Count I, Plaintiffs allege that the Board violated their Fourteenth Amendment due process rights by not being an impartial decisionmaker during its second review of the Corporate Defendants' application. In Count II, Plaintiffs allege a claim of First Amendment retaliation against the Board, arguing that it approved the application because of Plaintiffs' successful appeal. In Count III, Plaintiffs allege that the Corporate Defendants conspired with the Board to retaliate against them. Leland is not specifically named in any Count as a defendant.

On April 8, 2019, the City Defendants moved to dismiss all claims against them. (ECF No. 14).

## ANALYSIS

Plaintiffs bring this motion under Federal Rules of Civil Procedure 12(b)(6) and 12(c). Rule 12(b)(6) provides for the dismissal of a case where the complaint fails to state a claim upon which relief can be granted. The Court must construe the complaint in the light most favorable to the plaintiff and accept its allegations as true. *DirectTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). To survive a motion to dismiss, the complaint must offer sufficient factual allegations that make the asserted claims plausible on their face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Legal conclusions couched as factual allegations will not suffice. *Rondigo, LLC v. Township of Richmond*, 641 F.3d 673, 670 (6th Cir. 2011). Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Rule 12(c) motions are adjudicated under the same standards as those under Rule 12(b)(6). *Lindsay v. Yates*, 498 F.3d 434, 437 n.5 (6th Cir. 2007); *see also Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 336 (6th Cir. 2007) ("[A] complaint must contain direct or inferential allegations respecting all the material elements under some viable legal theory.")

I.  **The City Defendants' Motion**

The City Defendants raise six arguments in their motion. First, they argue that all of Plaintiffs' claims must be dismissed because they are not based on facts, but solely on unsupported "beliefs." Second, the City Defendants argue that Plaintiffs do not have standing to raise the due process claim because they were not "aggrieved" by the Board's decision. Third, the City Defendants argue that Plaintiffs lack Article III standing. Fourth, the City Defendants argue that Rayis is not a proper plaintiff because his harms are indistinguishable from Plan B's harms. Fifth, the City Defendants argue that Leland must be dismissed because he is not named in any count and is not charged with any unlawful conduct. Sixth, the City Defendants argue that Plaintiffs lack standing to bring a retaliation claim because they did not engage in a protected activity.

The Plaintiffs filed a response, which largely ignores the arguments raised by the City Defendants. In their reply brief, the City Defendants argue that Plaintiffs have abandoned their claims by not specifically responding to the challenges raised in the motion to dismiss.

A.  **Sufficiency of Plaintiffs' Factual Allegations**

The City Defendants' "primary argument" is that "where a complaint is based merely on the plaintiff's beliefs or speculation, and makes factual allegations 'on information and belief,' there are actually no 'facts' sufficient to state a viable claim and the case must be dismiss." City Defs.' Rep. 4. However, even when the Court considers the factual allegations that Plaintiffs "believe," the

Court concludes that the Complaint still does not plead plausible claims for constitutional violations.

### i. Due Process

In Count I, the Plaintiffs allege a procedural due process claim.[2] Generally, procedural due process requires a state actor to "provide a person with notice and an opportunity to be heard before depriving that person of a property or liberty interest." *Warren v. City of Athens*, Ohio, 411 F.3d 697, 708 (6th Cir.2005). Thus, to allege a plausible procedural due process claim, Plaintiffs must identify an interest of which they were deprived.

Plaintiffs appear to allege that the Board's bias, itself, constituted a denial of a property or liberty interest. "An unbiased decision-maker, however, is relevant [only] to *what process is due*." *EJS Properties, LLC v. City of Toledo*, 736 F.Supp.2d 1123, 1129 (N.D. Ohio, 2010) (emphasis in original). Exposure to bias is not itself a denial of a cognizable interest. *Id.* (collecting cases). Instead, the alleged bias must have effected an independent, cognizable liberty or property interest. *Id.* Thus, Plaintiffs must have sufficiently alleged that they had a cognizable interest in the Board's allegedly bias decision.

Construing Plaintiffs' Complaint liberally, their only alleged interest in the Board's decision is that "[a]pproving [the Corporate Defendants] request for a waiver could severely impair Plaintiffs' business if [the Corporate Defendants] are allowed to open and operate directly across the street from Plaintiffs' business." Compl. ¶ 48. Even putting aside the speculative nature of that alleged harm, Michigan state law—which governed the Plaintiffs' challenge to the Board's decision and

---

[2]In their response, Plaintiffs appear to argue that this count is actually premised on an Equal Protection "class-of-one" theory. Pls.' Res. 8-9. This argument directly contradicts the language of the Complaint. Compl. ¶ 33 ("Accordingly, because the Defendant Zoning Board was not an impartial decisionmaker, Plaintiffs' *due process* rights were violated by the Defendant Zoning Board at the July 10, 2018 hearing.") (emphasis added).

thus defines Plaintiffs' interest in the Board's decision—makes it clear that "a party's financial interest in stifling competition posed by the development of neighboring properties is not a legally protected interest" in the context of a zoning appeal. *Miller Apple Ltd. Parternship v. Emmet Co.*, 2010 WL 446053 at *2-3 (Mich. Ct. App. 2010); *see also Western Michigan University Bd. of Trustees v. Brink*, 265 N.W.2d 56, 59 (Mich. Ct. App. 1978) ("Plaintiff's financial interest in throttling the development of neighboring properties is not the kind of legally protectable property right or privilege, the threatened interference with which grants standing to seek review"). Thus, Plaintiffs have failed to allege any valid interest in the Board's decision and, accordingly, their procedural due process claim must be dismissed.

## ii. First Amendment Retaliation

In Count II, Plaintiffs make a First Amendment retaliation claim, alleging that the City Defendants approved the Corporate Defendants' application a second time because of the Plaintiffs' successful appeal to Wayne County Circuit Court. To survive a motion to dismiss, a First Amendment retaliation claim must plead factual allegations to establish that (1) the plaintiff engaged in constitutionally protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) the adverse action was motivated at least in part by the plaintiff's protected conduct. *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 723 (6th Cir. 2010). The City Defendants argue that Plaintiffs have not pleaded factual allegations to support any of the required elements of First Amendment retaliation.

### a. Protected Activity

Plaintiffs' First Amendment retaliation claim fails at the first element. The only alleged action that could arguably be considered "protected activity" is Plaintiffs' filing of the appeal to

Wayne County Circuit Court. *See* Compl. ¶ 59 (alleging that the Board "took adverse action and retaliated against Plaintiffs for winning their appeal by again unlawfully approving [the Corporate Defendants'] request for a waiver of the 1,000 ft spacing requirement."). But "baseless litigation is not immunized by the First Amendment." *BE & K Const. Co. v. N.L.R.B*, 536 U.S. 516, 530 (2002); *see also Hall v. Callahan*, 727 F.3d 450, 456 (6th Cir. 2013) ("[V]exatious conduct is not protected by the First Amendment"). Because, as described above, Plaintiffs have not alleged any recognized interest in the Board's decision, their appeal cannot constitute protected activity.

### iii. Conspiracy

In Count III, Plaintiffs allege that the Corporate Defendants conspired with the City Defendants to retaliate against them for the exercise of their First Amendment rights. To make out a claim for conspiracy, Plaintiffs must allege facts that show "that (1) a single plan existed, (2) the conspirators shared a conspiratorial objective *to deprive the plaintiffs of their constitutional rights*, and (3) an overt act was committed in furtherance of the conspiracy that caused the injury." *Robertson v. Lucas*, 753 F.3d 606, 622 (6th Cir. 2014) (emphasis added).

Because Plaintiffs' substantive First Amendment retaliation claim fails, this conspiracy claim must also fail. Plaintiffs have not alleged sufficient factual allegations to show that the alleged objective of the conspiracy was to deprive Plaintiffs of their constitutional rights. *Id*.

## CONCLUSION

Because the Court concludes that Plaintiffs have not sufficiently alleged facts that give rise to plausible claims of constitutional violations, the Court need not discuss the City Defendants' other

arguments.[3] For the reasons above, the Court **GRANTS** the City Defendants' motion to dismiss.

**IT IS SO ORDERED.**

July 24, 2019

s/Sean F. Cox
Sean F. Cox
United States District Judge

---

[3]The Court notes that the City Defendants are correct that Plaintiffs do not respond to most of the arguments raised in the motion to dismiss. Thus, Plaintiffs appear to concede that they lack standing to bring this action, that Rayis is not a proper plaintiff, and that Leland is not actually a defendant. *See, e.g., Bazinski v. JPMorgan Chase Bank, N.A.*, 2014 WL 1405253 at *2 (E.D. Mich. 2014) ("Claims left to stand undefended against a motion to dismiss are deemed abandoned") (collecting cases); *see also Lipton v. County of Orange*, 315 F.Supp.2d 434, 446 (S.D.N.Y. 2004) ("This Court may, and generally will, deem a claim abandoned when a plaintiff fails to respond to a defendant's arguments that the claim should be dismissed").